The motion to discharge the defendant is therefore denied, but without costs.

---

### TURNER *a.* THOMPSON.

*Supreme Court, First District ; Special Term, February,* 1856.

#### ARREST.—VERIFIED COMPLAINT.

Where plaintiff had employed defendant to sell goods as his agent, accounts to be rendered and proceeds paid over, weekly,—*Held*, that in an action to recover from defendant the proceeds of such sales, an order of arrest was properly granted.

Where the summons and complaint have been served, and were before the judge upon an application for an order of arrest, based on affidavit, the plaintiff is entitled to refer to the complaint, if verified, in support of the order, where the affidavit proves defective.

The case of Brady *a.* Bissell (1 *Ante* 76)—approved, as to this point.

Motion to discharge the defendant from arrest.

DAVIES, J.—It appears from the affidavit and complaint, both duly verified, that the plaintiff employed the defendant to make sale of certain goods, &c., as his agent, and defendant was weekly to make return of sales and pay over proceeds. That defendant has failed to render such account and pay over such proceeds to the amount of $121.   To recover this sum the plaintiff brings suit under subdivision 2, of section 179 of the

Turner *a.* Thompson.

Code, as an action for money received by the defendant as the agent of the plaintiff while acting in a fiduciary capacity.

It seems to me that the facts of this case bring it within the letter and spirit of this section of the Code. They on this motion are not denied, and are therefore to be taken as established. Mr. Justice Mitchell, in Goodrich *v.* Dunbar, (17 *Barb.*, 626,) says "The Code allows the arrest of any person for money received by any factor, agent, broker, or other person in a fiduciary capacity, (§ 179). The term " in a fiduciary capacity," tends to show what is meant by factor, agent, broker, viz., one in whom a trust is reposed, such as is usually reposed in these persons in their ordinary or regular business ; that is, a trust that they will sell and immediately account for the balance." Such a trust is established by the facts in this case.

But it is objected that the affidavit does not contain a sufficient cause of action, and that the complaint cannot be evoked to supply its defects. In this I think the counsel for the defendant is mistaken. The case of Brady *v.* Bissell, (1 *Abbott's Pr. Rep.*, 76), is in point. Mr. Justice Hoffman says, "A sworn complaint is equivalent to an affidavit. In a late case where the affidavit was in one point defective, but the defect was supplied by the complaint, I granted the order reciting that it appeared by affidavit and the complaint duly sworn to, that a cause of action existed, &c. I am of opinion that where the summons and complaint have been served and are laid before the judge, upon an application for an arrest upon an affidavit, the plaintiff is entitled to refer to it, in order to sustain the order, when the affidavit itself is defective. In other words, both documents may be treated as forming the ground of the order, although but one of them is mentioned."

The reasoning of this case commends itself to my judgment, and the motion to discharge the defendant from arrest must therefore be denied, with five dollars costs.